**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 06a0274n.06
Filed: April 20, 2006

**No. 05-5522**

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| MICHAEL J. ("MIKE") BEZARK, | ) | |
| | ) | ON APPEAL FROM THE |
| Plaintiff-Appellant, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| v. | ) | DISTRICT OF TENNESSEE |
| | ) | |
| WAL-MART STORES, INC., | ) | |
| | ) | |
| Defendant-Appellee. | ) | |
| | ) | |
| _____ | ) | |

BEFORE: GIBBONS, GRIFFIN, and BRIGHT,[*] Circuit Judges.

PER CURIAM.

Plaintiff-appellant Bezark was employed by defendant-appellee Wal-Mart Stores, Inc., as a supervisor at a store in Tennessee for about eight years beginning in 1994. It is undisputed that Bezark suffered from diagnosed multiple sclerosis ("MS") and that Wal-Mart was aware of this condition when it fired him. It is also undisputed that on June 20, 2002, during a conversation with a male manager, during work hours and on store premises, Bezark referred to a female manager as a "whore," which Bezark admits was meant to be insulting. Citing this incident, Wal-Mart terminated Bezark's employment the next day. Bezark sued Wal-Mart in the United States District

_____

[*] The Honorable Myron H. Bright, Circuit Judge of the United States Court of Appeals for the Eighth Circuit, sitting by designation.

Court for the Eastern District of Tennessee, claiming that Wal-Mart terminated him due to his MS in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, as amended ("ADA"). Wal-Mart moved for summary judgment, and the district court granted the motion.

The district court held that Bezark could not make out a prima facie case of wrongful termination under the ADA because, by his own admission at deposition, he was able to perform, and was performing, the essential functions of his job at the time of his termination. Also by Bezark's own admission, he was able to perform, and was performing, the functions of basic everyday living, such as caring for himself and driving to and from work. Thus, as a matter of law, the district court held that Bezark could not show that his MS was an ADA disability, i.e., "a physical or mental impairment that substantially limit[ed] one or more of [his] major life activities . . . ." 42 U.S.C. § 12102(2).

After reviewing the record, the parties' briefs, and the applicable law, we conclude that a panel opinion further addressing the issues raised would serve no jurisprudential purpose. Therefore, we affirm for the reasons stated in the district court's opinion.[1]

---

[1]We do not consider Wal-Mart's alternative contention that Bezark cannot make out a prima facie case of disability discrimination because he was not qualified for the position.